United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-10310
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

RUFINO CRUZ,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-163-1-A
-------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rufino Cruz (Cruz) of importation of cocaine under 21 U.S.C. §§ 952,

960(a)(1), and 960(b)(2)(B). His appeal raises two interrelated issues: (1) that he was denied

effective assistance of counsel because his counsel failed to move for a judgment of acquittal pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to FED. R. CRIM. PROC. 29(a); and (2) that the evidence was insufficient to support the jury's finding that he knowingly imported a controlled substance.

We review a claim for ineffective assistance of counsel on direct appeal "[o]nly when the record is sufficiently developed with respect to such a claim." United States v. Rosalez-Orozco, 8 F.3d 198, 199 (5th Cir. 1993) (internal quotation marks and citation omitted). The record is sufficiently developed to permit us to review Cruz's claim for ineffective assistance of counsel based upon the failure to move for judgment of acquittal. See id.

Cruz must show that "it [wa]s a reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence." Id. To determine whether the motion would have been granted, we examine "whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." Id. at 200 (internal quotation marks and citation omitted).

The Government adduced sufficient evidence to support the jury's finding beyond a reasonable doubt that Cruz had guilty knowledge of the cocaine hidden inside his luggage, including evidence of Cruz's nervousness, his failure to make eye contact, his refusal to answer questions, the short duration of his trip to Mexico and his use of a one-way, cash airline ticket for the return trip, a recent drug seizure by customs agents under similar circumstances, and the apparently recent and obvious alterations to the luggage, which he admitted belonged to him. See United States v. Moreno, 185 F.3d 465, 471-72 (5th Cir. 1999); United States v. Martinez, 577 F.2d 960, 962 (5th Cir. 1978). Therefore, Cruz cannot show that he would have prevailed on his insufficiency of the evidence claim

had his attorney made a timely motion for judgment of acquittal; consequently, he has not shown that he was denied effective assistance of counsel. Rosalez-Orozco, 8 F.3d at 202.

In light of the fact that Cruz has failed to show that the evidence against him was insufficient to convict him under the rational trier of fact standard, it follows that he cannot satisfy the lesser burden imposed by the manifest miscarriage of justice standard, which ordinarily would apply to the review of his claim of insufficient evidence. See id.

Finally, we will not consider Cruz's untimely and improper "Appellant's Motion to Consider U.S.S.G. § 3B1.2 Issue on Appeal" because it was "not raised and argued in [his] initial brief on appeal." Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Accordingly, "Appellant's Motion to Consider U.S.S.G. § 3B1.2 Issue on Appeal" is hereby denied, and the judgment of the district court is hereby AFFIRMED.